WEINSTEIN & RILEY, P.S.
14 Penn Plaza, Suite 1300
New York, NY 10122-0049
By: Kenneth S. Jannette (KJ 6394)
Tel: 800-206-7410
Attorneys for Plaintiff
Chase Bank Usa, N.A.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: Alexander Steven Botulinski,<br><br>Debtor. | Chapter 7 10-26023-NLW<br>CASE NO. 10-26023-NLW |
| Chase Bank Usa, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>Alexander Steven Botulinski,<br><br>Defendant. | Adv. Pro. No. |

**COMPLAINT TO DETERMINE DEBT
TO BE NON-DISCHARGEABLE**

Chase Bank Usa, N.A. ("Plaintiff"), by way of complaint against Alexander Steven Botulinski ("Debtor" or "Defendant"), says:

JURISDICTION AND VENUE

1. Plaintiff is a financial institution which does business in interstate commerce. It is in the business of making unsecured consumer loans.

2. On or about May 26, 2010, the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code in the United States District Court for the District of New Jersey.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and (O) to determine a debt to be nondischargeable.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b).

5. This proceeding is properly venued in this district pursuant to 28 U.S.C. §1409.

6. The statutory predicates for the relief sought herein are 11 U.S.C. §§105 and 523(a)(2) as well as Rule 4007 of the Federal Rules of Bankruptcy Procedure.

## FACTS APPLICABLE TO ALL COUNTS

7. Chase Bank Usa, N.A. is the holder of a claim against Defendant arising from account number XXXXXXXXXXXX0852 (the "Account"). The outstanding balance on the Account is currently $6,221.59.

8. Plaintiff's standard procedure in making a loan of this type, whether an applicant requests or is offered a loan, is for Plaintiff's representative to gather certain standard information such as: name, address, whether the residence is owned or rented, monthly income, source of income, and social security number. Thereafter, Plaintiff's representative runs a computerized credit check. If the applicant's income appears sufficient, the credit check shows nothing adversely affecting the application beyond Plaintiff's normal limits, and if the applicant's other debts are not excessive, then Plaintiff may make the loan.

9. By obtaining and using the credit line available in the Account, Defendant represented to Plaintiff that Defendant would repay all amounts utilized in accordance with the terms and conditions set forth in the account agreement.

10. Plaintiff justifiably relied on the Defendant's false representations based in part upon the Defendant's status as a card member in good standing and that there were no "red flags" evident during the time period of charging activity.

11. Between 03/24/2010 and 05/06/2010 Defendant accumulated $4,469.00 in retail charges.

12. $4,469.00 of these transactions were made within the presumption period.

13. Defendant was already insolvent at the time of the cash advances and/or purchases, and did not have a present ability or realistic future possibility to repay the debt.

14. Defendant, therefore, had a specific intent to defraud Plaintiff by accepting the benefits of the cash advances and/or purchases without ever intending to repay same.

15. Defendant's actions constitute material misrepresentations of facts which were intended to be relied upon by Plaintiff in making Defendant a loan.

16. Plaintiff, in fact, did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by said misrepresentations.

17. Plaintiff has been deprived of valuable assets due to Defendant's actions, which actions amount to actual fraud.

18. It has become necessary to employ counsel to represent the interests of the Plaintiff herein, and the account agreement specifies that Defendant shall be responsible to pay Plaintiff's reasonable attorney's fees in such an instance.

## COUNT I
### NON-DISCHARGEABILITY - 11 U.S.C. §523 (a)(2)

19. Plaintiff repeats and realleges paragraphs 1 through 18 as set forth herein.

20. By reason of the foregoing, Defendant obtained money from Plaintiff through false pretense, false representations and/or actual fraud.

WHEREFORE, Chase Bank USA, N.A. demands judgment against Defendant as follows:

    A. Declaring the debt owed by the Defendant to Chase Bank Usa, N.A. in the amount of $4,469.00 to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2);

B. For attorneys fees, expenses, interest and costs of suit; and

C. For such other relief to Chase Bank USA, N.A. as this Court deems just and equitable.

           WEINSTEIN & RILEY, P.S.
           Attorneys for Plaintiff
           Chase Bank USA, N.A.


           /s/ Kenneth S Jannette
           Kenneth S Jannette (KJ 6394)